UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACEY RHODES, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-cv-0165-SEB-MJD |
| JAMES R. FLEMING, et al., | ) |
| Defendants. | ) |

**Entry Discussing Claim Against Ankil Ali**

Among the several defendants in this civil rights action brought by Tracey Rhodes is Ankil Ali, the Indiana attorney who represented Rhodes in a criminal prosecution in Howard County. Aki seeks resolution of Rhodes' claims him through the entry of summary judgment, just as Rhodes seeks the entry of summary judgment as to those same claims.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 127 S. Ct. 1769, 1776 (2007).

To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011)(citing *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). *See Fed.R.Civ.P.* 56(c)(1)(A),B)(both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.").

Having considered the pleadings and the evidentiary record which is properly before the court, and being duly advised, the court finds that Aki's motion for summary judgment must be granted and that Rhodes' motion for summary judgment as to the claims against Aki must be denied. These conclusions rest on the following facts and circumstances:

1. Rhodes was charged with criminal offenses in Howard County on February 10, 2006, in No. 34D02-0602-FC-0036 ("the state criminal case"). Aki represented Rhodes in the state criminal case from October 24, 2006, until the case was concluded. The charges against Rhodes were resolved through the submission of a plea agreement. Rhodes pled guilty to four counts of sexual misconduct on October 10, 2007. The plea was accepted and other charges were dismissed. Rhodes was sentenced on November 14, 2007. Rhodes filed a petition for post-conviction relief on April 3, 2012. The post-conviction petition was docketed as No. 34D01-1204-PC-00316 and was denied on January 25, 2013. Rhodes' conviction in the state criminal case has not been invalidated or set aside.

2. As noted, Ali represented Rhodes in the state criminal case. The operative pleading setting forth Rhodes' claims is his second amended complaint filed on March 12, 2013.

Ali's first appearance as a defendant in the case came in the amended complaint filed on May 1, 2013, which followed the original complaint filed on January 30, 2013.

3. Rhodes' federal claims are asserted pursuant to 42 U.S.C. §§ 1981, 1983 and 1985, while the court has jurisdiction over his claims under state law, if at all, pursuant to 28 U.S.C. § 1367(a). As to the state law claims against defendant Ali, the court finds it appropriate to exercise its supplemental jurisdiction because there is no doubt about how those claims should be decided." *See Taflinger v. U.S. Swimming, Inc.*, 435 F. App'x 559, 562 (7th Cir. 2011)(citing cases).

4. The applicable substantive law will dictate which facts are material.@ *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). Applying the substantive law applicable to Rhodes' claims and to the evidentiary record, the following conclusions are reached:

>   a. The claims seeking the filing of criminal charges under either state or federal law are dismissed. As to the former, the court has no authority to compel state authorities to issue writs of mandamus against state officers in the performance of their duties. *See Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties). As to the latter, Rhodes cannot compel the Executive Branch to pursue or commence the criminal prosecution he seeks. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768-69 (2005) (the victim of crime has no due process interest in investigation or prosecution of the crime); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (holding that Aa private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another@); *Collins v. Palczewski,* 841 F.Supp. 333, 340 (D.Nev. 1993) (ALong ago the courts of these United States established that ›criminal statutes cannot be enforced by civil actions.=@).
>
>   b. 42 U.S.C. § 1981 prohibits racial discrimination in contract-making. *See*, *e.g.*, *Smith v. Bray*, 681 F.3d 888, 892, 895-96 (7th Cir. 2012). "A court must grant a motion for summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Bio v. Fed. Express Corp.*, 424 F.3d 593, 596 (7th Cir. 2005). Rhodes offers no evidence from which a rational trier of fact could conclude that Ali acted with racial animus in representing Rhodes. Because of this, Ali is entitled to the entry of summary judgment as to Rhodes' claim pursuant to 42 U.S.C. § 1981.

c. Similarly, Ali is entitled to the entry of summary judgment as to Rhodes' claim pursuant to 42 U.S.C. § 1983 because Ali did not act "under color of state law" in representing Rhodes in the state criminal case. See *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). Rhodes suggests that Ali's representation did constitute action under color of state law because of his conspiracy with state actors, but Rhodes' suggestion on this point rests on conclusory assertions which are not sufficient to support a genuine question of disputed fact. Expressions of an affiant's opinion or his legal conclusion "are totally ineffectual, and are not to be given any consideration or weight whatsoever." *G.D. Searle & Co. v. Chas. Pfizer & Co., Inc.,* 231 F.2d 316, 318 (7th Cir. 1956); *see also Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

d. The statute of limitations for a § 1983 action brought in Indiana is two years. *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *see* Ind. Code ' 34-11-2-4. Rhodes' § 1983 claims against Ali are time-barred because his cause of action could have accrued no later than the date of his sentencing in the state criminal case--also the date Ali's representation ended—November 14, 2007. Rhodes therefore had through November 15, 2009, in which to file a claim against Ali. Instead, his claim was not filed until January 30, 2013, at the earliest, more than three years and two months later. Unlike § 1983, the statute of limitations for a claim under § 1981 is four years. *Jones v. R.R. Donnelly & Sons Co.,* 541 U.S. 369, 382 (2004).

e. The pendent state claims against Ali are each actions for personal injury and are each governed by the same two-year statute of limitations just discussed. Ali is entitled to the entry of summary judgment as to these pendent state claims because they are barred by the applicable statute of limitations.

f. This leaves for consideration Rhodes' claim pursuant to 42 U.S.C. § 1985. 42 U.S.C. ' 1985(1) is inapplicable because the second amended complaint, even when liberally construed, does not allege a conspiracy to prevent a public official from discharging his official duties, as required for claims under section 1985(1). *Grimes v. Smith,* 776 F.2d 1359, 1363 (7th Cir. 1985). Actions under ' 1985(2) and § 1985(3) rely on the existence of racial or other class-based invidious discriminatory animus. *Lowe v. Letsinger,* 772 F.2d 308, 311 (7th Cir. 1985). No such claim is clearly made in the second amended complaint, nor has one appeared subsequently. The court finds 42 U.S.C. ' 1985(2) inapplicable because (a) there is no allegation that force or threats were used to prevent Rhodes from appearing in a federal court, and (b) there is no allegation that Ali was motivated by invidious class-based discriminatory animus. Similarly, ' 1985(3) is inapplicable because there is no allegation that Ali's representation of Rhodes, whether deficient in certain respects or not, "qualifies alongside race discrimination as an 'otherwise class-based, invidiously discriminatory animus [underlying] the conspirators'

action,' as is required under *Griffin v. Breckenridge,* 403 U.S. 88, 102 [1971], in order to prove a private conspiracy in violation of § 1985(3)'s first clause." *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 113 S. Ct. 753, 756 (1993). Additionally, Rhodes' conclusory assertions of a conspiracy do not support a fact or a question of fact under Rule 56 and the § 1985 claim has not been timely brought. *See Wilson v. Geisen,* 956 F.2d 738, 741 n.4 (7th Cir. 1992)("The same statute of limitations applies to claims under § 1983 and § 1985(3).").

5. To survive a motion for summary judgment, "the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772-73 (7th Cir. 2012). Rhodes has not met that burden here as to his claims against Ali. "As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted).

6. Ali's motion for summary judgment is therefore **granted.** Rhodes' motion for summary judgment as to claims against Ali, which must be considered separately, [dkt 81] is **denied** because as to such claims Rhodes has failed to show that there is no genuine issue of material fact, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986), and that he is entitled to judgment as a matter of law as to his claims against Ali.

7. No final judgment shall issue at this time as to the claims resolved in this Entry.

IT IS SO ORDERED.

Date: 03/04/2014

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Tracey Rhodes
4848 N. 600 W
Anderson, IN 46011

Electronically Registered Counsel