UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACEY RHODES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-0165-SEB-MJD |
| ) | |
| JAMES R. FLEMING, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Dismiss filed by Kokomo Defendants**

The City of Kokomo, Robert Baker, Donald Whitehead and Donald Cloum (hereafter "Kokomo defendants") have filed a motion to dismiss Tracey Rhodes' complaint for failure to state a claim upon which relief can be granted. Rhodes has opposed that motion, which is now fully at issue.

Having considered the second amended complaint, the foregoing motion, response and reply, and being duly advised, the court finds that the motion to dismiss must be granted.

**Background**

Rhodes was prosecuted in Howard County in No. 34D02-0602-FC-0036 ("the state criminal case"). The charges were filed on February 10, 2006. Rhodes was represented by counsel throughout the case, pled guilty to four counts of sexual misconduct on October 10,

2007, and was sentenced for such offenses on November 14, 2007. A bid for post-conviction relief was rejected by the trial court on January 25, 2013

As sometimes occurs, the apparent conclusion of the criminal prosecution was followed by the filing of a civil rights action. In this instance, Rhodes asserts federal claims pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 and corresponding claims under Indiana law. As to this latter category, the court has jurisdiction, if at all, pursuant to 28 U.S.C. § 1367(a), and as to such claims the court finds it appropriate to exercise its supplemental jurisdiction because there is no doubt about how those claims should be decided. *See Taflinger v. U.S. Swimming, Inc.*, 435 F. App'x 559, 562 (7th Cir. 2011)(citing cases).

Not surprisingly, Rhodes' claims are asserted against a medley of defendants, including the Kokomo defendants. As noted, the Kokomo defendants challenge the legal sufficiency of Rhodes' amended complaint through their motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

## Legal Standard

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 at 667. The court undertakes this context-specific inquiry, drawing on its experience and common sense for guidance. *Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009).

Pro se complaints such as that filed by Rhodes are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett,* 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *see Small v. Endicott,* 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). That is precisely the conclusion drawn with respect to Rhodes' claims against the Kokomo defendants.

- The claims seeking the filing of criminal charges under either state or federal law are dismissed. As to the former, the court has no authority to compel state authorities to issue writs of mandamus against state officers in the performance of their duties. *See Santee v. Quinlan,* 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties). As to the latter, Rhodes cannot compel the Executive Branch to pursue or commence the criminal prosecution he seeks. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768-69 (2005) (the victim of crime has no due process interest in investigation or prosecution of the crime); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (holding that Aa private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another@); *Collins v. Palczewski,* 841 F.Supp. 333, 340 (D.Nev. 1993) (ALong ago the courts of these United States established that ›criminal statutes cannot be enforced by civil actions.‹@).

- 42 U.S.C. § 1981 prohibits racial discrimination in contract-making. *See*, *e.g.*, *Smith v. Bray*, 681 F.3d 888, 892, 895-96 (7th Cir. 2012). There is no allegation in the amended complaint supporting a plausible claim that any of the Kokomo defendants acted toward Rhodes with racial animus. Because of this, the amended complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1981 as to the Kokomo defendants.

- Rhodes' claims against the Kokomo defendants are that these defendants played a role in causing his unjust prosecution and conviction. The statute of limitations for a § 1983 action brought in Indiana is two years. *Logan v. Wilkins*, 644 F.3d 577, 581 (7th Cir. 2011); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005); *see* Ind. Code ' 34-11-2-4. Rhodes' § 1983 claims against the Kokomo defendants are time-barred because his cause of action could have accrued no later than the date of his sentencing in the state criminal case, November 14, 2007. Rhodes therefore had through November 15, 2009, in which to file a claim against the Kokomo defendants. Instead, his claim was not filed until January 30, 2013, at the earliest, more than three years and two months later.

- The pendent state claims against the Kokomo defendants are false reporting, false arrest, false imprisonment, and defamation. Each of these claims is for personal injury and each is governed by the same two-year statute of limitations just discussed—which is to say that the pendent state claims against the Kokomo defendants are each barred by the applicable statute of limitations.

- This is a situation in which because the complaint asserts only claims which are barred by the applicable statute of limitations for the § 1983 claims and the state tort claims, the complaint fails to state a claim upon which relief can be granted. *Jones v. Bock,* 549 U.S. 199, 215 (2007)("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim;"); *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006)(although the expiration of the statute of limitations is an affirmative defense, "[d]ismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads h[im]self out of court by alleging facts that are sufficient to establish the defense.@)(internal citations omitted).

- This leaves for consideration Rhodes' claim pursuant to 42 U.S.C. § 1985. 42 U.S.C. ' 1985(1) is inapplicable because the amended complaint, even when liberally construed, does not allege a conspiracy to prevent a public official from discharging his official duties, as required for claims under section 1985(1). *Grimes v. Smith,* 776 F.2d 1359, 1363 (7th Cir. 1985). Actions under ' 1985(2) and § 1985(3) rely on the existence of racial or other class-based invidious discriminatory animus. *Lowe v. Letsinger,* 772 F.2d 308, 311 (7th Cir. 1985). No such claim is clearly made in the amended complaint, nor has one appeared subsequently. The court finds 42 U.S.C. ' 1985(2) inapplicable because (a) there is no allegation that force or threats were used to prevent Rhodes from appearing in a federal court, and (b) there is no allegation that the Kokomo defendants were motivated by invidious class-based discriminatory animus. Similarly, ' 1985(3) is inapplicable because there is no allegation that the conduct attributed to the Kokomo defendants "qualifies alongside race discrimination as an 'otherwise class-based, invidiously discriminatory animus [underlying] the conspirators' action,' as is required under *Griffin v. Breckenridge,* 403 U.S. 88, 102 [1971], in order to prove a private conspiracy in violation of § 1985(3)'s first clause." *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 113 S. Ct. 753, 756 (1993). Additionally, Rhodes' conclusory assertions of a conspiracy do not support a plausible claim and the § 1985 claim has not

been timely brought. *See Wilson v. Geisen,* 956 F.2d 738, 741 n.4 (7th Cir. 1992)("The same statute of limitations applies to claims under § 1983 and § 1985(3).").

Rhodes does not make a cogent argument in response to the motion to dismiss. For the reasons just explained, therefore, the motion to dismiss of the Kokomo defendants must be granted.

## Conclusion

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). This can mean either that the complaint is insufficient "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). In this instance, there is no cognizable theory to support the liability of the Kokomo defendants. The Kokomo defendants' motion to dismiss [dkt 57] is therefore **granted.**

No final judgment shall issue at this time as to the claims dismissed in this Entry.

The Kokomo defendants' motion for protective order [dkt 69] is **denied as moot.**

IT IS SO ORDERED.

Date: _03/06/2014_

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Tracey Rhodes
2100 E. 8TH ST. APT A
Anderson, IN 46012

Electronically Registered Counsel